UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN KARVELAS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 18-11260-LTS |
| TUFTS SHARED SERVICES, INC. d/b/a TUFTS MEDICAL CENTER, INC., LESLIE LUSSIER, individually, THERESA HUDSON-JINKS, individually, and ALBERT FANTASIA, individually, | ) | |
| Defendants. | ) | |

ORDER ON KARVELAS' MOTION OF OPPOSITION OF DISMISSAL OF THE COMPLAINT (DOC. NO. 34)

October 16, 2019

SOROKIN, J.

On August 29, 2019, John Karvelas filed his Motion of Opposition of Dismissal of the Complaint, Doc. No. 33, in response to Defendants' Motion to Dismiss for Failure to State a Claim, Doc. No. 31. Subsequently, on September 23, 2019, Karvelas refiled the Motion and supplemented it with over 900 pages of exhibits. Doc. No. 34.

As submitted, Karvelas' opposition is in violation of the local rules of motion practice observed by this Court: "Memoranda supporting or opposing allowance of motions shall not, without leave of the court, exceed 20 pages, double-spaced." Local R. 7.1(b)(4). Karvelas has not sought leave to file an excess-length memorandum. The Court has reviewed the memorandum as well as the moving papers (which conform to the page limits) and finds no basis

1

to authorize a filing exceeding the limits imposed by the Local Rule. Accordingly, the Court STRIKES Karvelas' opposition and related filings (Doc. Nos. 33, 34).

Karvelas may file a revised opposition in compliance with the Local Rules provided he does by November 1, 2019. The Court notes that Defendants moved to dismiss the Complaint. Under the rules applicable to such a motion, the Court considers only the allegations set forth in the Complaint. Doc. No. 20. The pending motion to dismiss does not authorize consideration by the Court of additional factual material. In limited circumstances, courts do consider, on a motion to dismiss, documents sufficiently incorporated into a complaint (such as a contract), or certain official public records, provided such documents are sufficiently referred to in the complaint and their authenticity is not disputed. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). The supplementary information provided by Karvelas does not appear to meet any of these narrow exceptions.

Karvelas' revised opposition is due by November 1, 2019. Doc. No. 33 and Doc. No. 34 are STRICKEN.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge